Robinson, J.
This action was begun in the court of common pleas of Cuyahoga county by plaintiff in error against defendant in error to recover damage for personal injuries sustained as a *115 result of plaintiff’s being struck by an interurban electric car operated by defendant.
Upon the trial, at the conclusion of all the evidence, the defendant moved the court to withdraw the case from the consideration of the jury and enter judgment for the defendant. This motion was sustained and judgment entered accordingly. A motion for a new trial was made and overruled; error was prosecuted to the court of appeals and the judgment of the court of common pleas was there affirmed. Thereupon a petition in error was filed in this court, without leave, and as a matter of right, setting out as a ground for reversal that there was error in the record in that “By the judgment of said Court of Appeals, affirming the judgment of the Court of Common Pleas herein, the plaintiff in error has been deprived of the right of a trial by jury in violation of Section 5 of Article I of the Constitution of the State of Ohio, providing that the right of trial by jury shall be inviolate.” Other assignments of error were made, no one of which, however, is claimed to involve a constitutional question. Thereupon a motion was filed by defendant in error to dismiss the petition in error, for the reason that no constitutional question is involved.
It is the claim of the plaintiff in error that taking the case from the consideration of the jury and entering judgment in favor of defendant in error amounted to a denial of his right of trial by jury, in violation of Section 5, Article I of the Constitution, and, therefore, that the case is one involving a ques *116 tion arising under the Constitution of the State of Ohio.
Section 5, Article I of the Constitution of Ohio, provides: “The right of trial by jury shall be inviolate, except that, in civil cases, laws may be passed to authorize the rendering of a verdict by the concurrence of not less than three-fourths of the jury.”
It will be observed that this provision does not guarantee that every case shall be tried by a jury, but confines itself to the declaration that the right to trial by jury shall be inviolate. What right? Not a right as defined by the constitution, for a search there discloses no definition of such right. McIlvaine, J., in the case of Dunn & Witt v. Kanmacher & Stark, 26 Ohio St., 497, has defined it as “The right * * * as it was recognized by the common law.”
Actions, such as the one here under consideration, sounding in tort, were of those triable to a petit jury at common law. Such a jury is a jury, who try the question in issue and pass finally upon the truth of the facts in dispute.
In the instant case a jury was impaneled, the evidence was adduced, and the court in the orderly process of administration of justice had arrived at the stage when the question in issue, and the truth of the facts in dispute, were to be submitted to the jury, when the court’s attention to the question whether from the evidence there was any issue for the jury to decide, was challenged by a motion to take the case from the jury, for the reason, obviously, that the plaintiff had not introduced some *117 evidence tending to prove every essential fact necessary to entitle him to recover. Whereupon the court considered the pleadings and the evidence and the reasonable inferences that might be drawn therefrom in support thereof, and, upon such consideration, concluded, not that this case was such a one as at common law was triable to the judge without the intervention of a jury, nor that it was not a case coming within the class to which the constitution by Section 5, Article I, guaranteed the right of trial by a jury, but that the plaintiff had failed upon some essential fact to introduce any evidence tending to prove such essential fact, and that no reasonable inference could be drawn from the facts proven which might tend to prove such essential fact, and that without such proof, as a matter of law, the plaintiff could not recover and there was therefore no question in issue for the jury to try, no facts upon which the jury could pass. He may have been in error in this respect. There may have been some evidence, or some reasonable inference which might have been drawn from the evidence, tending to prove every essential fact necessary to entitle plaintiff to recover, but if so it was an error of judgment on the part of the court as tó the extent and effect of the evidence, not upon the interpretation or application of any provision of the constitution. And the question a reviewing court would be called upon to answer in such case would be, Did the trial court give to the evidence the extent and effect it was entitled under the law to receive? — not whether this case was one triable to a jury at common law, *118 and therefore one to which the right of trial by jury was guaranteed by the constitution, that being a question long settled in favor of plaintiff’s contention and in no sense debatable.
The interpretation of evidence and the inferences to be drawn from evidence, the effect of evidence and inferences, can by no stretch of the imagination be construed to involve the construction, interpretation or application of any provision of the constitution.
In the instant case it involved the accuracy of the court’s memory as to the extent of the evidence adduced, and his judgment as a matter of law as to the effect of and the reasonable inferences to be drawn from such evidence.
In the case of Ellis & Morton v. Ohio Life Ins. & Trust Co., 4 Ohio St., 628, this court, speaking through Ranney, J., held, at page 645: “There is still less difficulty in defending the exercise of this power [the right to withdraw a case from the consideration of the jury and direct a nonsuit] from the imputation of being an encroachment upon the constitutional right of trial by jury. * * * When all the evidence offered by the plaintiff has been given, and a motion for a nonsuit is interposed, a question of law is presented, whether the evidence before the jury tends to prove all the facts involved in the right of action and put in issue by the pleadings.”
In Coughran v. Bigelow, 164 U. S., 301, the supreme court of the United States held: “The granting, by a trial court, of a non-suit for want *119 of sufficient evidence to warrant a verdict for the plaintiff is no infringement of the constitutional right of trial by jury.”
Were this court to hold that every directed verdict involved a constitutional question, it would be compelled to hold that the provision of the constitution, Section 2, Article IV, “It [the supreme court] shall have * * * appellate jurisdiction in all cases involving questions arising under the constitution of the United States or this state,” gave it appellate jurisdiction in all jury cases where there had been denied to either party the privilege of submitting to such jury any evidence, however incompetent or irrelevant, tendered by such party. For if a ruling of the trial court upon the question whether there has been some evidence tending to prove every essential fact of plaintiff’s case involves a constitutional question, then an adverse ruling upon any evidence which a party might conceive would tend to support his cause of action, or defense, would to that extent be a deprivation of his right to a trial by jury, and would, therefore, involve a constitutional question, and thus the limitation upon the jurisdiction of this court, to review “cases of public or great general- interest” only upon direction to courts of appeals to certify their records, would become nugatory; for every litigant whose cause is triable to a jury could compel this court to review his case by the simple expedient of tendering evidence which the trial court would be obliged to reject. In consequence the evils in that respect which the Constitution of 1912 sought to remedy would be revived.
*120 For the foregoing reasons the motion to dismiss the petition in error is sustained.

Motion sustained.

Marshall, C. J., Johnson, Hough, Jones and Matthias, JJ., concur.
Wanamaker, J., dissents.